1  MITCHELL D. GLINER, ESQ.
   Nevada Bar #003419
2  3017 West Charleston Blvd., #95
   Las Vegas, NV  89102
3  (702) 870-8700
   (702) 870-0034 Fax
4  Attorney for Plaintiff

5

6              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
7

8  NICOLE M. CLEMENS,              )
                                   )
9       Plaintiff,                 )
                                   )        No.
10 vs.                             )
                                   )
11 ACCOUNT CONTROL TECHNOLOGY,     )
   INC., a foreign corporation,    )
12                                 )
        Defendant.                 )
13 _____  )      JURY DEMANDED

14                         COMPLAINT

15                        JURISDICTION

16      1.    The jurisdiction of this Court attains pursuant to the

17 FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332,

18 and the doctrine of supplemental jurisdiction.   Venue lies in the

19 Southern Division of the Judicial District of Nevada as Plaintiff's

20 claims arose from acts of the Defendant(s) perpetrated therein.

21                    PRELIMINARY STATEMENT

22      2.    This action is instituted in accordance with and to

23 remedy Defendant's violations of the Federal Fair Debt Collection

24 Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and

25 of related state law obligations brought as supplemental claims

26 hereto.

3.   In 2009, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff.

4.   As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory *damages* together with reasonable attorney's fees and costs.

PARTIES

5.   Plaintiff, Nicole M. Clemens, is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.   Defendant, Account Control Technology, Inc.  (ACT) is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Bakersfield, CA,  and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

FACTUAL ALLEGATIONS

7.   Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.   On March 19, 2009, Defendant dunned Plaintiff for an alleged debt.

2

9.   On May 29, 2009, Plaintiff wrote Defendant advising of her *refusal to pay* (Exhibit 1).

10.   Plaintiff's written refusal to pay required Defendant to cease and desist all collection communications in accordance with FDCPA § 1692c(c):

> (c) **Ceasing communication** - *If a consumer notifies a debt collector in writing that the consumer **refuses to pay a debt** or that the consumer ,wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.*

11.   Defendant received Exhibit 1 on Monday, June 1, 2009, (Exhibit 2).

12.   On Tuesday, June 2, 2009, Plaintiff was called by Defendant's representative, *Ms. Alderman*.

13.   *Alderman* referenced receipt of Exhibit 1 by Defendant.

14.   Notwithstanding, *Alderman* serially demanded payment in violation of FDCPA § 1692c.

15.   *Alderman* continued her demands despite explicit knowledge of Plaintiff's written *refusal to pay*.

16.   In 1994, Summary Judgment was rendered against Defendant under this same Section, Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1453 (D. Nev. 1994).

17.   The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally,

3

knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

18.   Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

19. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

20.   As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

CAUSES OF ACTION

COUNT I

21.   The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d and 1692e.

22.   Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

4

COUNT II

23.  The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

24.  Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.  Award actual damages.

2.  Award punitive damages.

3.  Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

4.  Award reasonable attorney fees.

5.  Award costs.

6.  Grant such other and further relief as it deems just and proper.

Respectfully submitted,

/S/ Mitchell D. Gliner
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Boulevard
Suite 95
Las Vegas, NV  89102
Attorney for Plaintiff

5

May 29, 2009

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Account Control Technology, Inc.
P. O. Box 11750
Dept. 1050295 - 18A
Bakersfield, CA 93389-1750

Gentlemen:

    I  enclose your March 19, 2009, correspondence.  Thank you.

    I do not like you and refuse to pay you.

                 Sincerely,

                 Nicole Clemens

Enclosure

EXHIBIT  /

5531 Business Park South, Ste 100  ACT 61
PO Box 11750
Dept. 1050295 – 18A
Bakersfield, CA 93389-1750



03-19-09      Account No: 54708703774 - LA8

**Account Control Technology, Inc.**

CLEMENS,NICOLE M
7360 VIREO DR
LAS VEGAS, NV 89147-4617

<u>ACCOUNT IDENTIFICATION</u>

Client: US Department of Education

| | | |
|---|---|---|
| Principal Balance | : $ | 4894.25 |
| Interest | : $ | 20.14 |
| Penalty Charges | : $ | 0.00 |
| Fees & Costs | : $ | 1196.17 |
| Total Balance | : $ | 6110.56 |

### Offer of Assistance

This letter is to notify you that the U.S. Department of Education (ED) has referred your account to Account Control Technology, Inc. (ACT) for collection of your defaulted student debt. At this time, ED has indicated your entire balance as indicated above is due and payable. We do recognize that many individuals may not be in the position to pay the full balance in one payment. Therefore, ACT is committed to providing assistance to you in determining the best resolution to your obligation. Our staff is trained to discuss all available options for repayment of your debt. Please telephone one of our Customer Support Staff, for assistance at this toll free telephone number

### (866) 887-2800.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This has been sent to you by a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

SEE THE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION.



**UNITED STATES POSTAL SERVICE**®

Home | He



Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 7005 2570 0000 3475 9808
Service(s): **Certified Mail**™
Status: **Delivered**

Your item was delivered at 9:21 AM on June 1, 2009 in BAKERSFIELD, CA 93389.

**Track & Confirm**

Enter Label/Receipt Number.



— — — —

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( **Go >** )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Ga

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT 2